UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN BARBER-EDWARDS f/k/a SUSAN EDWARDS )<br>    Plaintiff )<br>)<br>v. )<br>)<br>NCO FINANCIAL SYSTEMS, INC. )<br>    Defendant )<br>) | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br>JUNE 5 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II. PARTIES

2. The plaintiff, Susan Barber-Edwards f/k/a Susan Edwards, is a natural person residing in Bloomfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania Corporation headquartered in Horsham Pennsylvania licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCO because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. On December 24, 2008, NCO contacted Plaintiff in an attempt to collect a debt.

8. During this call NCO stated that Plaintiff's wages would be garnished unless she committed to a payment plan.

9. Plaintiff, believing she had no choice, agreed to the plan suggested by NCO.

10. On January 2, 2009, Plaintiff wrote a letter to the Department of Education (ED) requesting a hearing for full or partial forgiveness of the debt and to avoid an administrative wage garnishment.

11. On January 23, 2009, NCO sent a rehabilitation agreement ("Agreement").

12. The Agreement stated it was to rehabilitate Plaintiff's "Federal Family Education Loans (FFEL)"

13. Plaintiff's debt was not a FFEL loan but was actually a Perkins loan.

14. The Agreement also made several references that her loan would be sold to a new lender in order to complete rehabilitation.

15. Perkins loans are owned by the Department of Education and a sale of the loan is not permitted nor required to complete rehabilitation.

16. Plaintiff signed the agreement on February 4, 2009, relying on NCO's representations that it would stop any wage garnishment.

17. Plaintiff returned the signed Agreement shortly after signing it.

18. Plaintiff made payments as required by the contract.

19. On February 25, 2009, NCO sent a letter to Plaintiff's former bankruptcy attorney stating that it was attempting to contact the Plaintiff but had been unsuccessful.

20. On February 26, 2009, NCO sent a letter to Plaintiff's former bankruptcy attorney regarding Plaintiff's request for a hearing.

21. The letter stated that a decision would be delayed for fifteen (15) days from the date of the letter, to allow time for Plaintiff to provide evidence of her financial situation.

22. Eleven (11) days later, on March 9, 2009, ED issued a Garnishment Hearing Decision.

23. One reason for finding that Plaintiff should not be excused from an administrative wage garnishment, as stated in the Decision was, "Our records indicate that although you have negotiated a repayment arrangement, you have not returned a signed repayment agreement."

24. On March 10, 2009, before Plaintiff was aware of the Decision, Plaintiff received NCO's letters dated February 25 and 26 after they were forwarded to her by her former bankruptcy attorney.

25. Plaintiff immediately contacted NCO to alert them that she had the requested documents and would send them that day.

26. NCO then told Plaintiff that a decision had been made and not to bother sending the information requested.

27. On March 26, 2009, ED sent a Wage Garnishment order to the payroll department of Plaintiff's employer.

28. On April 3, 2009, Plaintiff contacted NCO to continue her dispute against the wage garnishment order.

29. NCO refused to talk with Plaintiff, stating she was represented by counsel, even though Plaintiff stated she was not represented by counsel in connection with the obligation.

30. On April 9, 2009, NCO sent a letter identical to NCO's letter dated December 24, 2009, implying that the debt was only recently placed with NCO for collections.

31. On April 29, 2009, Plaintiff received an undated letter from NCO, which contained a new rehabilitation agreement meant for Perkins Loans.

32. The new agreement stated that "12 consecutive monthly payments" were required.

33. The number of required payments to qualify for a Perkins loan rehabilitation, as stated in 20 U.S.C. § 1087dd(h)(1)(A), was modified by Pub. L. No. 110-315 §464(h) which took effect on August 14, 2008.  The number of payments required was reduced to nine (9).

## V. CLAIMS FOR RELIEF
### CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

34. Paragraphs 1-33 are herein incorporated.

35. NCO violated FDCPA §1692d, e, and f by:

   a. Coercing Plaintiff into a rehabilitation agreement on reliance that wage garnishment would not occur;

   b. Failing to give notice to ED that Plaintiff had signed a repayment agreement which should have ceased the Wage Garnishment Order from being issued;

   c. Sending notices to an attorney,

      i. When Plaintiff never stated she was represented during any prior communications between Plaintiff and NCO;

      ii. When NCO had no reason to believe that Plaintiff was represented; and,

  iii. When such action caused significant delay in Plaintiff's response to the Wage Garnishment Hearing to her detriment;

 d. Telling Plaintiff not to send in supporting evidence even though she was within the applicable time period to do so and the Order was issued prematurely.

 e. Refusing to talk to Plaintiff because NCO believed she was represented by an attorney, even after Plaintiff plainly stated she was not represented;

 f. Misstating the number of required payments needed to rehabilitate a Perkins loan;

 g. Failing to adequately educate Plaintiff about the rehabilitation process; and,

 h. Sending a rehabilitation agreement for FFEL loans with terms that were in no way applicable to Plaintiff's terms.

36. For NCO's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, SUSAN EDWARDS

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457

        Joshua Cohen, Fed Bar No. ct27939
        jcohen@debtorslawfirm.com
        Law Office of Joshua R.I. Cohen, LLC
        1224 Mill Street, Bldg. B, Suite 110
        East Berlin, CT  06023
        Tel (860) 828-2007  Fax (860) 828-2115